UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| HECTOR RUIZ, | : | **DECLARATION OF B. ALAN SEIDLER. ESQ.** |
| Petitioner, | : | |
| | | No. 07 Civ. 9461 (RMB) (THK) |
| - v. - | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      B. ALAN SEIDLER, ESQ., pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

      1.     I am an attorney admitted to the bar of the State of New York and this Court. I submit this affidavit in connection with the Government's opposition to Hector Ruiz's Motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. I represented Mr. Ruiz in connection with his sentencing and direct appeals. In addition, I was retained by Mr. Ruiz's family to represent Mr. Ruiz in connection with a Section 2255 motion alleging ineffective assistance of prior trial counsel Alexander Eisemann, Esq. In this capacity, I prepared a draft motion for Mr. Ruiz's review, but Mr. Ruiz filed the motion *pro se* after modifying the motion that I drafted to assert new allegations against Mr. Eisemann and myself. Accordingly, although my signature appears on the seventh page of Ruiz's motion, the motion as filed was not prepared or authorized by me.

      2.     I was retained by Mr. Ruiz to represent him after Mr. Ruiz was found guilty of one count of conspiring with intent to distribute one kilogram and more of heroin, in violation of Title 21, United States Code, Section 846. In preparation for Ruiz's sentencing, I determined that Ruiz might qualify for "safety valve" relief under 18 U.S.C. § 3553(f) from the 10-year mandatory minimum sentence that he would otherwise face. I knew, however, that Ruiz would have to provide sufficient information concerning his conduct to satisfy the Government and the District Court that he was truthfully providing all information he had about the offense for which he was found guilty in order to safisfy the fifth "safety valve" requirement.

      3.     Prior to sentencing, I discussed the requirements for safety valve with Mr. Ruiz, but Mr. Ruiz insisted that he was innocent of the crime for which he was convicted, and that as a result he had no information to provide the Government about the offense and his role in it. In addition, Mr. Ruiz told me that he wanted to appeal his conviction because he was innocent. I determined after speaking with Mr. Ruiz that he would not be able to satisfy the fifth safety valve requirement.

      4.      At a hearing on November 12, 2003, I was asked by the District Court whether I had discussed the possibility of safety valve relief with Mr. Ruiz. Informed by my discussion with Mr. Ruiz, I responded that Mr. Ruiz would not be seeking safety valve relief because he could not satisfy the fifth safety valve requirement. At a hearing on December 29, 2003, I informed the District Court that Mr. Ruiz would not be seeking safety valve relief because of its affect on his appellate rights. By this I meant that Mr. Ruiz was unwilling to admit to his role in the offense during a safety-valve proffer because he wished to maintain his innocence on appeal and, if his appeal was successful, at a new trial.

      I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
          January ___, 2008

                                                      _____
                                                      B. ALAN SEIDLER, ESQ.