```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4            v.                              02 Cr. 1290 (RMB)
 5   HECTOR RUIZ,
 6                  Defendant.
 7   ------------------------------x
 8                                            December 29, 2003
                                              2:45 p.m.
 9
     Before:
10
                        HON. RICHARD BERMAN
11
                                              District Judge
12
                            APPEARANCES
13
     DAVID N. KELLEY
14        United States Attorney for the
          Southern District of New York
15   LAUREN GOLDBERG
          Assistant United States Attorney
16
     B. ALAN SEIDLER
17        Attorney for Defendant
18
19   Also present:  Cristina Arsuaga, Spanish interpreter
20
21
22
23
24
25
```

1    THE COURT: So let's note at the outset that we have a
2 Spanish language interpreter and ask Mr. Ruiz if he is able to
3 understand these proceedings with the help of the interpreter?
4    THE DEFENDANT: Yes, sir.
5    THE COURT: So at the last session, or our last court
6 appearance rather, there were certain outstanding legal issues
7 as to which I gave you my ruling. What remains for us today is
8 to complete the sentencing, is that correct?
9    MR. SEIDLER: Yes, sir.
10    THE COURT: In that regard, I have received the
11 presentence investigation report dated December 19, 2003, which
12 has an addendum and a sentencing recommendation of the same
13 date.
14    As I mentioned earlier, there is also correspondence,
15 and I think I reflected a letter of November 14, 2003 from Mr.
16 Seidler and November 25, 2003 from Mr. Mukasey, and then again
17 a letter of December 10 from Mr. Seidler which also enclosed
18 letters of support from Mr. Ruiz's family.
19    Mr. Seidler, have you had a chance to discuss all of
20 these materials with Mr. Ruiz?
21    MR. SEIDLER: Yes, your Honor, including Mr. Ruiz's
22 situation with regard to the safety valve. And we are not
23 going to seek safety valve relief because of its impact on his
24 appellate rights.
25    THE COURT: In particular, the recommendation in the

```
 1   presentence investigation report, the proposal that his
 2   guideline range is 121 to 151 months and the recommendation
 3   that he be sentenced to 121 months, have you been over that?
 4          MR. SEIDLER:  Yes, sir.
 5          THE COURT:  Mr. Ruiz, you have been over those
 6   materials with Mr. Seidler, is that correct?
 7          THE DEFENDANT:  Yes.
 8          THE COURT:  Do either of you have objections that you
 9   want to note at this time?
10          MR. SEIDLER:  Nothing that has not previously been
11   raised.
12          THE COURT:  Mr. Ruiz, anything that you want to
13   mention that has not been previously mentioned?
14          THE DEFENDANT:  No.
15          THE COURT:  Then I will return the presentence
16   investigation materials to the probation department.
17          Mr. Seidler, did you want to be heard on Mr. Ruiz's
18   behalf before we conclude the sentencing?
19          MR. SEIDLER:  Your Honor, I would just like to
20   highlight -- I would ask your Honor to follow probation's
21   recommendation.  I am aware there is a mandatory minimum.
22   There is very little room.  I would suggest that 121 months is
23   more than sufficient to send a message to Mr. Ruiz and anybody
24   else who may be listening.  I would ask your Honor to impose
25   the minimum sentence.
```