# 03-1735-(L)

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

*Appellee,*

v.

WILLIAM SAENZ DUQUE, aka Willie, and HECTOR RUIZ,

*Defendants-Appellants.*

---

*On Appeal from the United States District Court
for the Southern District of New York*

## BRIEF AND APPENDIX FOR DEFENDANT-APPELLANT HECTOR RUIZ

B. ALAN SEIDLER
*Attorney for Defendant-Appellant
   Hector Ruiz*
580 Broadway
New York, New York 10012
212-334-3131

range of competence reasonably expected of attorneys in criminal cases. <u>United States v. Dukes</u>, 727 F.2d 34 (2d Cir. 1984).

Appellant recognizes that the Supreme Court in <u>Massaro v. United States</u>, 538 U.S. 500 (2003) stated its preference for raising ineffective assistance of counsel claims by Section 2255 motions. However, appellant raises the issue herein in order to avoid the claim he waived his right to later claim ineffective assistance, because it was not raised first on direct appeal.

In the instant matter appellant wanted to testify at trial like his co-defendants. Appellant repeatedly requested his attorney permit him to do so, but the trial attorney refused. Appellant insists he is not guilty of the crime charged.

At trial the Government introduced evidence that agents recovered from appellant at the time of arrest a paper listing Carvajal's telephone number [GX117], and a business card with Carvajal's telephone number [GX118]. Also recovered, was a paper containing numeric notations totaling approximately $2150 [GX119][t96]. The Government argued the paper was appellant's drug ledger. In fact the sums represented amounts owed to appellant by his colleagues at work, and the colleagues had agreed to testify for him at appellant's trial. When appellant gave this information to his trial attorney, the attorney refused to call any witnesses on appellant's behalf. The trial attorney provided ineffective assistance of counsel, and appellant was prejudiced. The trial evidence against appellant was slight, and the impact of a complete defense case, and/or appellant's trial testimony very likely would