UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| HECTOR RUIZ, | : | **DECLARATION OF** <br> **ALEXANDER E. EISEMANN.** |
| Petitioner, | : | |
| - v. - | : | 07 Civ. 9461 (RMB) (THK) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   ALEXANDER EISEMANN, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

  1. I am an attorney admitted to the bar of the State of New York and this Court. I submit this affidavit in connection with the Government's opposition to Hector Ruiz's Motion to vacate, set aside, or correct sentence pursuant to Title 28, United States Code, Section 2255. I was appointed under the Criminal Justice Act to represent Mr. Ruiz in connection with his criminal case on December 6, 2002. I represented Mr. Ruiz in pretrial and trial proceedings until I was replaced by retained counsel B. Alan Seidler, Esq. on or about September 9, 2003, after Mr. Ruiz was convicted of conspiring with intent to distribute one kilogram and more of heroin, in violation of Title 21, United States Code, Section 846.

  2. My records from 2002 and 2003 indicate that I met with Mr. Ruiz prior to trial on the following occasions: December 13, 2002; December 18, 2002; February 21, 2003; February 28, 2003; March 6, 2003; March 12, 2003; March 14, 2003; and May 28, 2003. In addition, my calendar from 2003 indicates that I spoke with Mr. Ruiz over the telephone on April 7, 2003. In addition, I would have spoken with Mr. Ruiz in connection with pretrial conferences and hearings that Mr. Ruiz attended on February 26, 2003, March 21, 2003, and April 24, 2003. It is possible, but probably unlikely, that I met with Mr. Ruiz on one or two additional occasions prior to trial and neglected to record those meetings in my records. Although I have no recollection of doing so because of the passage of time, it is likely that I would have reviewed key discovery documents with Mr. Ruiz prior to trial and would have worked with him to prepare his defense.

  3. Either shortly before or during the trial, I attempted to find witnesses who would provide evidence that would have helped establish that the document recovered from Mr. Ruiz's car, which the Government identified as a drug ledger, actually represented a ledger listing money borrowed or owed at Mr. Ruiz's job. I did locate witnesses who were able to testify to Mr. Ruiz's good character, and to the existence of a forced savings plan at Mr. Ruiz's work. Aside from Mr. Ruiz himself, I do not recall being aware of any witnesses who could have testified that the document recovered from his car did, in fact, reflect money borrowed or owed under the forced savings plan.

4. I do not recall having any discussions with Mr. Ruiz concerning whether he should testify at trial. If I had, I am confident that my opinion would have been that he not testify. Of course, like any client, if Mr. Ruiz had indicated to me that he wanted to testify during his trial, I would not have been able to prevent and, therefore, would not have prevented him from doing that, even if I recommended against it. Although I cannot recall whether I had any discussions with Mr. Ruiz, I have never told any defendant that he was prohibited from testifying. At most, I might tell a defendant, in the strongest terms, that he would be making a mistake if he ignored my advice not to testify in a case in which I felt it inadvisable. I do not recall whether I had such a conversation with Mr. Ruiz.

5. I actively sought to contest the Government's drug weight calculations, but could not locate a witness who was prepared to testify that the suitcase recovered from Mr. Ruiz's co-defendants contained less than one kilogram of heroin. Accordingly, I, along with counsel for Mr. Ruiz's co-defendants, agreed to a stipulation setting forth the method by which the Government's chemist, Noel Vadell, determined drug weight. I did, however, seek to contest the accuracy of that calculation during my closing argument on behalf of Mr. Ruiz.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
    February 1, 2008

_____
ALEXANDER EISEMANN