UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HECTOR RUIZ,

                Petitioner,

   - against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

07 Civ. 9461 (RMB) (THK)

**DECISION & ORDER**

**I.     Background**

On or about September 28, 2007, Hector Ruiz ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") against the United States of America ("Respondent") seeking to vacate his June 20, 2003 conviction following a jury trial of one count of "conspiracy to distribute or possess with intent to distribute a controlled substance" in violation of 21 U.S.C. § 846. (See Pet. at 1; see also Trial Tr., dated June 20, 2003, at 1219.) In connection with Petitioner's sentence, the United States Probation Office issued a Presentence Investigation Report, dated December 19, 2003 ("PSR"), calculating an offense level of 32, a criminal history category of I, and a sentencing guidelines range of 121 to 151 months and recommending a sentence of 121 months. (See PSR at 6, 13.) On or about December 29, 2003, the Court sentenced Petitioner to 121 months of imprisonment, five years of supervised release, and a $100 mandatory special assessment. (See Sentencing Tr., dated Dec. 29, 2003, at 5–6, 7.)

On or about January 6, 2004, Petitioner filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (See Docket [#74] in 02 Cr. 1290.) On or about February 18, 2005, the Second Circuit affirmed Petitioner's conviction, dismissed without prejudice

Petitioner's ineffective assistance of counsel claim because "the facts necessary to determine [this claim were] not within the trial record," and, "[w]ithout requiring alteration of Petitioner's sentence," remanded the case "for reconsideration and further proceedings in light of United States v. Crosby, 397 F.3d 103 (2d Cir. 2005)." United States v. Duque, 123 Fed. Appx. 447, 450 (2d Cir. 2005). On remand, this Court declined to change Petitioner's sentence, (see Order, dated Nov. 15, 2005), and, on or about June 5, 2007, the Second Circuit affirmed. See United States v. Duque, 225 Fed. Appx. 43, 44 (2d Cir. 2007) ("[T]he District Court's decision not to resentence [Petitioner] was procedurally reasonable" and "we reject [Petitioner's] argument that the District Court erred in finding him ineligible for 'safety valve' relief.").

On or about January 8, 2009, United States Magistrate Judge Theodore H. Katz, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that the Petition be denied. (Report at 29.) Judge Katz determined, among other things, that: (1) Petitioner "provides no basis for the Court to conclude that had [Petitioner] been consulted more frequently prior to his trial, and had the evidence been shared with him in advance of trial, there is a reasonable probability that the outcome of his trial would have been different"; (2) trial counsel "never conceded the validity of the [prosecution's expert] chemist's analysis . . . [and Trial Counsel] argued that the chemist's methodology left room for substantial error in his calculation of the quantity of heroin in the suitcase"; (3) Petitioner "knew that he had the right to testify at trial, since he observed his co-defendants doing so . . . [and] during his trial [Petitioner] never voiced to the court his desire to testify, or trial counsel's purported interference with [Petitioner's] exercise of his rights"; (4) trial counsel called (at least) several witnesses on Petitioner's behalf, including "five character witnesses, as well as a witness who testified about the investment pool in which Petitioner was involved at work, and a translator"; (5) "[b]ased

2

upon Petitioner's continued claim of innocence, even after his conviction, [sentencing] counsel reasonably determined that Petitioner would not qualify for safety-valve consideration"; and (6) Petitioner's Brady Claim and his claim that trial counsel failed to call Petitioner's co-defendant as a witness "were raised for the first time in [Petitioner's] Reply Memorandum, and, therefore, need not be addressed," and, in any event, these claims fail on their merits. (Report at 11, 13–14, 17, 20, 21, 28–29.) Judge Katz also recommended that this Court decline to issue a certificate of appealability because Petitioner has "not made a substantial showing of a denial of a constitutional right[.]" (Report at 29 (citing 28 U.S.C. § 2253).)[1]

The Report allowed the parties ten days to file written objections. (Report at 30.) To date, neither party has filed objections.

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is dismissed.**

## II. Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will

---

[1] Alexander E. Eiseman, Esq. represented Petitioner for his pretrial and trial proceedings, (see Decl. of Eiseman, dated Feb. 1, 2008, at 1), and B. Alan Seidler, Esq. represented Petitioner in connection with his sentencing and direct appeals, (see Decl. of Seidler, dated Jan. 31, 2008, at 1).

"interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. A review of the Report shows that Judge Katz's recommendations are neither clearly erroneous nor contrary to law; in fact, they are supported by the law in all respects.

#### (1) Trial Preparation

Judge Katz properly determined that Petitioner "provides no basis for the Court to conclude that had he been consulted more frequently prior to his trial, and had the evidence been shared with him in advance of trial . . . the outcome of his trial would have been different." (Report at 28–29); see Raposo v. United States, No. 01 Civ. 5870, 2004 WL 1043075, at *3 (S.D.N.Y. May 7, 2004); Lamberti v. United States, No. 95 Civ. 1557, 1998 WL 118172, at *2 (S.D.N.Y. Mar. 13, 1998).

#### (2) Drug Weight

Judge Katz properly determined that trial counsel was not ineffective for entering into a stipulation regarding the procedures used by the prosecution's chemist to determine the weight of the controlled substance as issue because trial counsel "did not stipulate to the truthfulness or accuracy of the chemist's conclusions" and "merely entered into a testimonial stipulation so that the [prosecution] would not be required to have the chemist testify at trial." (Report at 13 (internal quotations and citations omitted)); see United States v. Cohen, 427 F.3d 164, 170 (2d Cir. 2005); Salcedo v. United States, No. 98 Civ. 7638, 1999 WL 335835, at *3 (S.D.N.Y. May

25, 1999) (counsel's "decision to stipulate regarding the chemist's testimony was entirely reasonable even if made without prior consultation with the [petitioner]").

### (3) Petitioner's Right to Testify at Trial

Judge Katz properly determined that there is "no reason to disbelieve [trial counsel's] sworn statement, dated February 1, 2008, that . . . he would never have prohibited Petitioner from testifying" and "Petitioner does not offer any specific, proposed testimony that he would have provided, which [would have been] likely to have had a positive impact on the outcome of his trial." (Report at 16–17); see Botero v. United States, No. 00 Civ. 1922, 2005 WL 1606911, at *2 (D. Conn. July 6, 2005); Muyet v. United States, No. 01 Civ. 9371, 2004 WL 1746369, at *6, 7 (S.D.N.Y. Aug. 3, 2004).

### (4) Petitioner's Witnesses

Judge Katz properly determined that "there is no merit to Petitioner's original contention that his attorney was ineffective because he failed to call any witnesses on Petitioner's behalf" because "trial counsel did, in fact, call witnesses on Petitioner's behalf." (Report at 20–21 (internal citations omitted)); see United States v. Smith, 198 F.3d 377, 386 (2d Cir. 1999) ("whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial") (internal quotations and citation omitted); Johnson v. United States, 307 F. Supp. 2d 380, 392 (D. Conn. 2003).

### (5) Safety-Valve Treatment

Judge Katz properly determined that sentencing counsel "was not ineffective for failing to pursue a futile [safety-valve claim]" because "[b]ased upon Petitioner's continued claim of innocence, even after his conviction, [sentencing counsel] reasonably determined that Petitioner

would not qualify for safety-valve consideration." (Report at 11,12; see Ruiz Aff. at 4); see also Salcedo, 1999 WL 335835, at *4 (where "at the proffer session, which took place after the jury found [petitioner] guilty, [he] continued to maintain his innocence . . . the Court did not err in refusing to give [petitioner] the benefit of the safety valve provision"); see also McNeil v. United States, No. 00 Civ. 2206, 2002 WL 1764000, at *4 (D. Minn. Jul. 26, 2002).

(6)   **Claims Raised in Petitioner's Reply**

Even though Petitioner's Brady claim and his claim that trial counsel failed to call Petitioner's co-defendant as a witness were raised for the first time in Petitioner's Reply Memorandum, (see Report at 21); see also Oliver v. United States, No. 07 Civ. 5921, 2008 U.S. DIST. LEXIS 4231, at *16 n.2 (S.D.N.Y. Jan. 22, 2008) ("arguments raised for the first time in a reply brief will not be considered"), Judge Katz reviewed them and properly recommended dismissing these claims on their merits. (See Report at 21 ("[S]ince Petitioner is proceeding pro se, and the Court elicited a response to [Petitioner's] claims from the [Respondent], [these claims] will be considered on their merits.") (internal citation omitted)); see also Muyet, 2004 WL 1746369, at *1 n.3.

Judge Katz properly determined that the prosecution advised trial counsel two weeks before trial "to speak to [Petitioner's co-defendant]" regarding the co-defendant's allegedly exculpatory plea allocution statements and that "there is no evidence that supports Petitioner's claim that the [Respondent] withheld Brady material." (Report at 22–23); see Franza v. Stinson, 58 F. Supp. 2d 124, 153 (S.D.N.Y. 1998); see also United States v. Bond, 552 F.3d 1092, 1097 (9th Cir. 2009).

And, Judge Katz properly determined that "there is no basis to conclude that [trial counsel] was ineffective because he failed to call [Petitioner's co-defendant] as a witness."

(Report at 27); see Sweat v. United States, No. 05 Civ. 221, 2005 WL 3179672, at *7 (N.D.N.Y. Nov. 29, 2005) ("An attorney's decision whether to call specific witnesses – even ones that might offer exculpatory evidence – is ordinarily not viewed as a lapse in professional representation.") (internal quotations and citations omitted); see also Ruiz v. United States, No. 98 Civ. 6399, 2000 WL 1010828, at *6 (S.D.N.Y. July 21, 2000).

### IV.     Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lozada v. United States, 107 F.3d 1011, 1014–17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259–60 (2d Cir. 1997).

### V.      Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Petition is dismissed, and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       March 5, 2009

_____
RICHARD M. BERMAN, U.S.D.J.